ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| IRMA JUDITH DÍAZ HERNÁNDEZ<br><br>Recurrida<br><br>v.<br><br>ENRIQUE FERNANDO DÍAZ HERNÁNDEZ<br><br>Peticionario<br><br>v.<br><br>FARMACIA MORELL CORP.<br><br>Recurrida | KLCE202401158 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Número:<br>QU2022CV00076<br><br>Sobre:<br>Partición de Herencia |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de noviembre de 2024.

Comparece Enrique Fernando Díaz Hernández ("señor Díaz Hernández" o "Peticionario") mediante *Certiorari* y solicita la revisión de la *Resolución* notificada el 30 de agosto de 2024, por el Tribunal de Primera Instancia, Sala Superior de Arecibo ("TPI"). Mediante el referido dictamen, el TPI declaró *No Ha Lugar* la solicitud de descalificación del representante legal del Peticionario, instada por la Farmacia Morell Corp. ("Farmacia Morell"), por violación a la Regla 9.3 de Procedimiento Civil, así como al Canon 9 y Canon 15 del Código de Ética Profesional. En la alternativa, el foro recurrido le impuso al representante legal del señor Hernández Díaz una sanción económica de $300.00.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto solicitado.

### I.

El caso de marras tiene su génesis procesal en una *Demanda* sobre partición de herencia presentada el 5 de julio de 2022, por Irma Judith Díaz Hernández ("señora Díaz Hernández") contra el señor Díaz Hernández.

Posteriormente, el 19 de mayo de 2023, el Peticionario instó una demanda contra tercero en contra de Farmacia Morell.

Tras varias instancias procesales, el 12 de abril de 2024, Farmacia Morell, solicitó la descalificación del representante legal del señor Díaz Hernández, el Lcdo. Nelson O. Hernández Delgado ("Lcdo. Hernández Delgado"), por constantes violaciones a la Regla 9.3 de Procedimiento Civil, 32 LPRA Ap. V., R. 9.3, y al Canon 9 y Canon 15 del Código de Ética Profesional. La Farmacia Morell expuso que, durante las vistas celebradas el 31 de agosto de 2023, 31 de octubre de 2023, 22 de enero de 2024 y el 11 de abril de 2024, el Lcdo. Hernández Delgado mantuvo una conducta desordenada e irrespetuosa con el tribunal y sus compañeros letrados. Específicamente, Farmacia Morell señaló que, el comportamiento del compañero había sido "*disruptivo, impidiendo que otros abogados se expresen sin interrupciones, interrumpiendo constantemente al Tribunal y mostrando falta de respeto al no guardar silencio cuando el Tribunal habla o al no seguir las órdenes emitidas sobre su comportamiento en la corte*".[1] El 15 de abril de 2024, la señora Díaz Hernández se unió a la solicitud de descalificación instada por Farmacia Morell.

En esa misma fecha, el TPI dictaminó una *Sentencia Parcial*, mediante la cual concedió una solicitud de desestimación, previamente instada por Farmacia Morell el 24 de agosto de 2023, al amparo de la Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V. R. 10.2, y, como resultado, desestimó la demanda contra tercero. El 30 de abril de 2024, el señor Hernández Díaz solicitó la reconsideración de la referida *Sentencia Parcial*.

El 15 de mayo de 2024, el TPI emitió una *Orden* mediante la cual, entre otras, acogió la solicitud de descalificación instada por Farmacia Morell como presentada por la parte demandante.

Por otra parte, el 15 de julio de 2024, el Peticionario presentó su oposición a la moción de descalificación. El señor Díaz Hernández adujo que, la Farmacia Morell no presentó prueba que hiciera referencia a actos

---

[1] Véase, Apéndice de la Parte Peticionaria, a la pág. 260.

específicos del Lcdo. Hernández Delgado y que, el comportamiento imputado no surgía del expediente.

El 30 de agosto de 2024, el TPI emitió y notificó una *Resolución*, mediante la cual declaró *No Ha Lugar* la solicitud de descalificación y, en la alternativa, sancionó al Lcdo. Hernández Delgado al pago de $300.00. El foro primario concluyó que, se habían llevado a cabo actos disruptivos por el Lcdo. Hernández Delgado y destacó las siguientes situaciones: "***interrumpir a los compañeros abogados, interrumpir y no permitir que el Tribunal se exprese, volver sobre temas que ya el Tribunal indicó que trataría más adelante***".[2] (Énfasis suplido). No obstante, tomando en consideración que la descalificación era una medida drástica, el foro recurrido determinó proveerle al Lcdo. Hernández Delgado una oportunidad para mejorar las conductas presentadas en sala e imponerle una sanción económica.

Inconforme, el 16 de septiembre de 2024, el Peticionario presentó una *Moción Solicitando Reconsideración*. Consecuentemente, el 17 de septiembre de 2024, la Farmacia Morell radicó una *Moción en Oposición a Solicitud de Reconsideración*. Así las cosas, el 23 de septiembre de 2024, el foro primario denegó la solicitud de reconsideración.

Insatisfecho aún, el 23 de octubre de 2024, el señor Díaz Hernández acudió a esta Curia mediante recurso de *Certiorari*. El Peticionario señaló la comisión de los siguientes errores:

> **Erró el TPI al imponer sanciones al abogado de la parte demandada-peticionaria en respuesta a moción de descalificación de una parte que el propio TPI excluyó del caso mediante Sentencia Parcial, que está aún bajo reconsideración.**

> **Erró el TPI al imponer sanciones al abogado de la parte demandada-peticionaria, apercibiendo que su repetición será causa de descalificación, siendo esto, de modo arbitrario sin establecer conducta o evento específico, que cumpla con el debido proceso de ley y, haciendo la representación legal efectiva del Peticionario imposible.**

El 14 de noviembre de 2024, Farmacia Morell presentó su alegato en oposición. Transcurrido el término concedido a la señora Díaz Hernández

---

[2] Véase, Apéndice de la Parte Peticionaria, a la pág. 292.

para que presentara su oposición, procedemos a resolver sin su comparecencia.

## II.

### -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> [e]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari,* la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari,* a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**III.**

El Peticionario alega que, el TPI erró al imponerle una sanción económica al Lcdo. Hernández Delgado, por presunta conducta impropia. En específico, arguye que, el foro primario estaba impedido de imponer una sanción, en respuesta a una solicitud de descalificación instada por un tercero demandado, toda vez que la demanda contra tercero fue desestimada mediante una *Sentencia Parcial*, la cual se encuentra en reconsideración. De igual manera, el señor Díaz Hernández señala que, la imposición de la sanción fue arbitraria porque no se hizo referencia a actos o conductas específicas del Lcdo. Hernández Delgado.

En primer lugar, advertimos que, según apunta el Peticionario en su señalamiento de error, la *Sentencia Parcial* se encuentra en reconsideración, por lo tanto, no es final y firme. Como resultado, Farmacia Morell todavía participa como tercero demandado en el pleito de marras. De igual manera, conforme surge del expediente, la señora Díaz Hernández se unió a la solicitud de descalificación presentada por la Farmacia Morell. Como corolario, **el TPI acogió la solicitud de descalificación como presentada por la parte demandante**. (Énfasis suplido).[3]

A su vez, resulta menester destacar que, es norma reiterada que, ante la apariencia de conducta impropia, el Tribunal, *motu proprio*, puede imponer sanciones u ordenar la descalificación de un abogado. Véase, Regla 9.3 de Procedimiento Civil, 32 LPRA Ap. V. R. 9.3.

En segundo lugar, el TPI, quien evaluó la conducta del Lcdo. Hernández Delgado, sí detalló en su *Resolución* una serie de actos específicos en los que el letrado demostró una conducta impropia, contrario a lo sostenido por el Peticionario. Particularmente, el foro recurrido detalló los siguientes actos incurridos por el letrado: "***interrumpir a los compañeros abogados, interrumpir y no permitir que el Tribunal se exprese, volver sobre temas que ya el Tribunal indicó que trataría más adelante***".[4] (Énfasis suplido).

---

[3] Véase, Apéndice de la Parte Peticionaria, a la pág. 273.
[4] Véase, Apéndice de la Parte Peticionaria, a la pág. 292.

Así, pues, luego de examinar el expediente a la luz de los criterios de la Regla 40 de nuestro Reglamento, *supra,* no identificamos razón por la cual esta Curia deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que, nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando de la actuación del foro surja un error en la interpretación, o la aplicación de cualquier norma procesal o de derecho sustantivo.

**IV.**

Por los fundamentos que anteceden, se *deniega* la expedición del auto solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones